Submitted July 27, affirmed September 8, 1965

# HAMPTON *v.* HAMPTON
405 P. 2d 549

Rhoten, Rhoten & Speerstra and Ervin W. Potter and David A. Rhoten, Salem, filed a brief for appellant.

No appearance for respondent.

Before McAllister, Chief Justice, and Perry, Sloan, O'Connell, Goodwin, Denecke and Holman, Justices.

HOLMAN, J.

The husband filed suit requesting a divorce on grounds of cruel and inhuman treatment. His wife answered with a general denial. At the time of trial the husband was 51 years of age and his wife was 57. They had been married 34 years. He is a farmer; she is a school teacher. They had reared two children, both of whom are emancipated. Both parties are hardworking people of high moral character.

Through the years prior to 1961 they had a certain amount of difficulty, but no more than is usual in the average marriage. Commencing in 1961 the wife became progressively unjustifiably suspicious of her husband's actions. The husband expressed his dislike for his wife. The wife consulted a psychiatrist concerning her marital problems and was diagnosed as having serious emotional difficulties. Her husband was unsympathetic concerning medical treatment for his wife's condition. All of these problems resulted in sharply increased friction within the marriage culminating, in April of 1963, when the husband left his wife and instituted this proceeding.

The trial court found that the husband had informed his wife of his dislike and that many of the things his wife said and did were the result of her emotional condition and therefore did not rise to the dignity of grounds for divorce. The court held that the husband failed to sustain the burden of proof and denied him relief. He has appealed.

■ Little is to be gained by recounting the evidence in minute detail. There is evidence in the record to sustain the conclusions of the trial judge, and after an examination of the testimony we agree with these conclusions. The demands of a stable society require that marriage not be dissolved because the marital path is at times strewn with rocks and thorns. If it were otherwise, there would be no lasting marriages.

■ The husband contends that the trial court erred in admitting the testimony of a psychiatrist as to the wife's mental condition, claiming such testimony was privileged because the witness had consulted with both husband and wife. The wife was the patient, not the husband. No relationship of patient and physician existed between the husband and the doctor. There was no privilege in favor of the husband. In any event, the doctor's opinion was based on statements made to him by the wife.

■■ The husband also contends the court erred in holding that his wife's actions were excused by her mental condition because the doctor testified she was not insane. We believe it is good policy, in the law dealing with marital relations, not to equate acts of a mentally healthy individual with those of one who is suffering from an emotional illness, whether or not the illness causing such acts falls short of actual insanity. Therefore, there was no error in the trial court's ruling.

■ The husband charges as error the court's failure to permit him to file a supplemental complaint after trial and after the court had rendered its informal opinion. This is a matter of discretion with the trial judge and will not be disturbed unless there is an abuse of discretion. We find the court did not abuse its discretion.

The decree of the trial court is affirmed.